IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:01CR3040 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY STEVEN WRIGHT, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S "MOTION FOR WRIT OF |
| Defendant. | ) | CORAM NOBIS FOR |
| | ) | UNCONSTITUTIONAL SENTENCE" |

On June 16, 2005, the defendant, Anthony Steven Wright, filed a "Motion for Writ of Coram Nobis for Unconstitutional Sentence and Request for Hearing." (Filing 241-1.) For the following reasons, I find that the defendant's motion must be denied.

**I.   BACKGROUND**

On April 12, 2001, a criminal complaint charging the defendant with kidnapping in violation of 18 U.S.C. § 1201 was filed in this court. (See filing 1.) An indictment charging the defendant with this offense was filed shortly thereafter. (See filing 2.) On May 23, 2001, the government filed a two-count superceding indictment charging the defendant with kidnapping in violation of 18 U.S.C. § 1201 (Count I), and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count II). A second superceding indictment filed on May 22, 2002, also charged the defendant with kidnapping in violation of 18 U.S.C. § 1201 (Count I), and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count II). (See filing 57.) The defendant pleaded not guilty to the charges. (See filing 73.) A jury trial was held, and on June 19, 2002, the jury found the defendant guilty on both counts. (See filing 97.) The defendant was sentenced to life imprisonment on Count I and a seven-year term of imprisonment on Count II, with the terms to run consecutively. (See filings 124, 127.)

The defendant's conviction and sentence were affirmed on appeal. See United States v. Wright, 340 F.3d 724 (8th Cir. 2003); (see also filings 152, 153). However, while his appeal was

1

pending, the defendant–acting pro se–began filing a series of motions, including a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (See filing 146; see also filings 145, 148, 149.) These motions were denied by me in a memorandum and order dated September 9, 2003. (See filing 155.)

The defendant continued to file various motions throughout the ensuing year, (see filings 157, 161, 165, 166, 167, 171, 180, 185, 188, 190, 191, 192, 193, 194, 195, 196, 202, 205, 208, 209), all of which were denied, (see filings 163, 164, 173, 174, 175, 176, 177, 178, 181, 182, 183, 184, 186, 189, 197, 198, 199, 200, 201, 203, 204, 206, 207, 210, 230.)[1] He appealed some of these denials, (see filings 211, 216, 219), but his appeal was not successful, (see filing 223). Undeterred, the defendant continued to file motions in this court, (see filings 221, 222, 224, 225, 226, 227 ), and most of them were denied, (see filings 228, 229, 231, 233, 234). However, one of the defendant's motions included a request for appointment of counsel, (see filing 224), and I determined that this request ought to be granted so that the defendant might present his claims based upon Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); and United States v. Booker, 125 S. Ct. 738 (2005), with the assistance of an attorney, (see filing 232).

The defendant's appointed counsel has entered an appearance, (see filing 240), and has filed a "Motion for Writ of Coram Nobis for Unconstitutional Sentence and Request for Hearing." (Filing 241-1.) In this motion, the defendant argues that his sentence violates the principles of United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), in that the sentence was based upon facts that were not admitted by the defendant nor determined by a jury. (See filing 241-1, ¶¶ 10-13.) Alternately, the defendant submits that "the fact that Defendant's sentence was created in accordance to the then-mandatory Federal Sentencing Guidelines violated Defendant's Sixth Amendment rights." (Id. ¶ 14.)

---

[1]I note parenthetically that during this time, the Eighth Circuit denied the defendant's requests for permission to file a second or successive § 2255 motion. (See filings 175, 176, 182, 183.)

## II.   ANALYSIS

The defendant seeks to challenge his sentence through a writ of coram nobis.  "A writ of coram nobis is an 'extraordinary remedy,' and courts should grant the writ 'only under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.'"  United States v. Camacho-Bordes, 94 F.3d 1168, 1173 (8th Cir. 1996) (quoting United States v. Morgan, 346 U.S. 502, 511-12 (1954)).  The writ is available to criminal defendants pursuant to the All Writs Act, which provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. 1651(a).  See Camacho-Bordes, 94 F.3d at 1171 n.2.  However, "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'"  United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000) (per curium) (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996)).

The defendant argues that he is eligible for coram nobis relief because he has no other remedy available.  (See filing 241-2 at 3-4.)  However, as the government correctly notes, 28 U.S.C. § 2255 provides a means for federal prisoners to attack their sentences collaterally.  Although the defendant has previously filed a § 2255 motion, and although it is true that he cannot file a second or successive § 2255 motion without first obtaining a certification from the Eighth Circuit Court of Appeals, see 28 U.S.C. § 2255, ¶ 8, the fact remains that § 2255 is "controlling."  "The writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255."  Noske, 235 F.3d at 406 (quoting United States v. Barrett, 178 F.3d 34, 55 (1st Cir. 1999)).  Therefore, the defendant cannot obtain coram nobis relief pursuant to the All Writs Act.

In addition, the Eighth Circuit has stated repeatedly that coram nobis is not available to defendants who are in federal custody.  See Noske, 235 F.3d at 406 (citing United States v. Kindle, 88 F.3d 535, 536 (8th Cir. 1996) (per curium); Zabel v. United States Attorney, 829 F.2d 15, 17 (8th Cir. 1987) (per curium)); Camacho-Bordes, 94 F.3d at 1172 n.6 (citing United States v. Little, 608 F.2d 296, 299 n.5 (8th Cir. 1979)).  Since the defendant remains in federal custody,

he is not eligible for coram nobis relief.

Finally, I note in passing that the Eighth Circuit has determined that "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). In other words, the defendant's arguments (i.e., that the judicial factfinding and the mandatory sentencing guidelines scheme employed at his sentencing violated the Sixth Amendment) are based upon a rule that does not apply retroactively to his case.

**IT IS ORDERED** that:

1. the defendant's motion for a writ of coram nobis and request for hearing, filing 241, is denied; and

2. the government's Motion and Memorandum to Dismiss Defendant's Motion for Writ of Coram Nobis for Unconstitutional Sentence, filing 243, is denied as moot.

Dated September 19, 2005.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge