IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:01CR3040 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION FOR |
| ANTHONY STEVEN WRIGHT, | ) | APPOINTMENT OF COUNSEL TO BE |
| | ) | CONSTITUTIONALLY RE-SENTENCED |
| Defendant. | ) | |
| | ) | |

Before me for preliminary review is the defendant's Motion for Appointment of Counsel to be Constitutionally Re-Sentenced, filing 268.

Wright asks that counsel be appointed and that he be "Constitutionally Re-Sentenced." He cites Gould v. United States and Abbot v. United States, and submits that these cases raise a question about whether "a mandatory minimum sentence provided by 18 U.S.C. § 924(c)(1)(A) appl[ies] to a count when another count already carries a greater mandatory minimum sentence." He states that "[t]he exception clause [in § 924(c)(1)(A)] seems to read 'no,' and there is a circuit split on the issue."

On November 15, 2010, the United States Supreme Court decided Abbott v. United States and Gould v. United States, Case Nos. 09-479 and 09-7073. See 131 S. Ct. 18. Abbott and Gould had been convicted of violations of 18 U.S.C. § 924(c), which prohibits using, carrying, or possessing a deadly weapon in connection with "any crime of violence or drug trafficking crime," 18 U.S.C. § 924(c)(1), and other drug and firearm counts. The minimum sentence for a § 924(c) offense is five years in addition to "any other term of imprisonment imposed" on the offender. 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(D)(2). Thus, Abbott received a 15-year mandatory minimum sentence on his felon-in-possession conviction and an additional five years for his § 924(c) conviction; Gould's drug trafficking offense carried a ten-year mandatory minimum, and he received an additional five years for his § 924(c) violation. On appeal, both men argued that their § 924(c) offenses were unlawful because an exception in § 924(c)(1)(A) states that the five-year mandatory minimum consecutive sentence must be imposed "[e]xcept to the extent that a greater minimum

sentence is otherwise provided by this subsection or by any other provision of law." More specifically, Abbott argued that the "except" clause was triggered by his 15-year mandatory minimum sentence on this felon-in-possession conviction and Gould argued that the clause was triggered by the ten-year mandatory minimum he faced, and therefore both men should not have been subject to the additional five-year mandatory minimum under § 924(c). The courts of appeals rejected Abbott's and Gould's arguments, and the United States Supreme Court affirmed. In so doing, the unanimous Court explained that the "any other provision of law" portion of the exception clause means that "if another provision of the United States Code mandates a punishment for using, carrying, or possessing a firearm in connection with a drug trafficking crime or a crime of violence, and that minimum sentence is longer than the punishment applicable under § 924(c), then the longer sentence applies."

Wright presumably seeks leave to make the same argument that Abbott and Gould raised. Wright was convicted of kidnaping in violation of 18 U.S.C. § 1201 and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to life on the kidnaping count and a consecutive 7-year sentence on the § 924(c)(1)(A) count. (Note that § 924(c)(1)(A)(ii) provides for a consecutive sentence of 7 years "if the firearm is brandished.") He questions whether the "consecutive mandatory minimum sentence for [his] 18 U.S.C. § 924 firearms offense applies" given the exception clause described above. He also says that "there is a circuit split on the issue" of whether the exception clause is applicable.

Wright's argument was foreclosed by the Supreme Court in <u>Abbott v. United States</u>, 131 S. Ct. 18 (2010). <u>Abbott</u> also resolved any circuit split on the issue.

Moreover, Wright's motion amounts to a second or successive § 2255 motion. "Second or successive" motions under § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Section 2244(b)(3)(A) states, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, the Eighth Circuit's authorization is "a prerequisite under 28 U.S.C. § 2244(b)(3) to the filing of a second or successive habeas petition." <u>Boyd v. United States</u>, 304 F.3d 813, 814 (2002) (per curium). In this case, Wright has filed a successive § 2255 motion, but

he has not obtained an order authorizing this court to consider the motion. Therefore, his motion cannot be considered.

IT IS ORDERED that the Motion for Appointment of Counsel to be Constitutionally Re-Sentenced, filing 268, is denied without prejudice.

Dated December 7, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge