IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:01CR3040 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY STEVEN WRIGHT, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S RULE 60(b) MOTION |
| Defendant. | ) | |
| | ) | |

On June 19, 2002, a jury found the defendant guilty of kidnaping in violation of 18 U.S.C. § 1201 (Count I) and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count II). (Jury Verdict, Filing No. 97; Judgment at 1, Filing No. 127.) The defendant is currently serving a term of life imprisonment for Count I and a term of seven years of imprisonment for Count II, with the terms to run consecutively. (Id. at 2.) The Judgment lists the defendant's name as "Anthony Steven Wright, a/k/a Tony Zappa." (Id. at 1.)

The defendant, acting pro se, has filed a large number of documents since his conviction. (See ECF Nos. 145-146, 148-49, 157, 161, 165-67, 171, 180, 185, 188, 190-96, 202, 205, 208-09, 211, 216, 219, 221-22, 224-27, 235-38, 261-64, 267-68, 270, 274, 278.) He signed each of these documents using the name "Anthony Wright," "Anthony S. Wright," "A. Wright," or "Anthony Steven Wright." On June 16, 2005, an attorney who had been appointed to represent the defendant filed a "Motion for Writ of Coram Nobis for Unconstitutional Sentence and Request for Hearing," (ECF No. 241), which lists the defendant's name as "Anthony Steven Wright, a/k/a Tony Zappa."

On September 6, 2011, the defendant filed a document titled "60B Motion Newly Discovered Evidence." (ECF No. 282.) In this motion, the defendant asks that I issue an order "correcting [his] illegal name Anthony Steven Wright to his legal name Anthony Steven Zappa within the Bureau of Prisons." (Id. at 1 (emphasis omitted).) He claims that the name Anthony Steven Wright was "fraudulently forced upon [him] without [his] consent" through "the U.S. Attorney's misconduct." (Id.) More specifically, the defendant claims that in August 2011, "after ten years alone in solitary

1

confinement," he obtained a copy of his marriage certificate. (Id. at 2; see also id., Ex. 1.) The marriage certificate indicates that on or about September 8, 1999, the defendant changed his name from Anthony Steven Wright to Anthony Steven Zappa. (See id., Ex. 1.) The defendant claims that he has lived "his whole life under [the name] Anthony Steven Zappa through college and high school and work"; that he "has lost contact [with] all of his friends and family members because nobody in [his] family nor [his] friends have ever even heard of 'Anthony Steven Wright'"; and that he "never even heard of the name Anthony Steven Wright until [he] was 23 years old." (Id. at 2.) He also claims that he "has been in solitary confinement [for] 10 years because of the name Anthony Steven Wright," and that he has been "unable to work and pay restitution because inmates are trying to murder 'Wright.'" (Id.) He states,

> Defendant does not want to "die" in the Bureau of Prisons and be tormented with the thought of being burried [sic] in a coffin under a fraudulent alias Anthony Steven Wright, it is not my name and I hate the name Anthony Steven Wright it is illegal and an illegal name should not be forced upon me. This court has disrespected me and my family by illegally and falsely "using whatever name they want to pin on me."

(Id. at 3 (emphasis omitted).) He asks that this court correct his name "to [his] legal name," and he asks that the order "be unpublished so inmates cannot read it." (Id.) This, he claims, will allow him to get "a job in general population" so that he can pay his restitution. (Id.)

Federal Rule of Civil Procedure 60(b) provides mechanisms for parties to seek relief from a judgment or order. It does not apply in criminal cases, however. See United States v. Eggleston, 24 F. App'x 656 (8th Cir. 2002) (per curiam); United States v. Blackwell, No. 4:97-cr-116 CAS, 2011 WL 2473089 at *1 (E.D. Mo. June 22, 2011) (citing cases). Moreover, the Judgment already reflects that the defendant is also known as Tony Zappa. Under these circumstances, there does not seem to be any further relief that I might order in this criminal case.

A number of courts–including the Eighth Circuit–have considered civil lawsuits filed by inmates who claim that prisons have failed to honor their legal names. The facts of Bilal v. Lockhard, 993 F.2d 643 (8th Cir. 1993), are somewhat similar to those of Mr. Zappa's case. Bilal legally changed his name from Tyrone Strickland to Kasib Tauheed Bilal. Nine years later, he received three consecutive sentences pursuant to commitment orders identifying him as "Arthur Tyrone Strickland a/k/a Curtis Brown a/k/a Kasib Tauheed [T.] Bilal" or "Kasib Bilal a/k/a Tyrone

2

Arthur Strickland a/k/a Robert Jennings." 993 F.2d at 643-44. After Bilal learned that he was identified in the prison's records as Tyrone Strickland, he notified prison officials that he wanted to be addressed as Kasib Bilal. Id. at 644. Officers informed Bilal that Arkansas Department of Correction policy required Bilal to be addressed using his "committed name" (which, evidently, was Tyrone Strickland), but that the "errors on his commitment orders could be corrected by obtaining a corrected commitment order from the sentencing court." Id. Bilal obtained an order from the sentencing court stating, "It is hereby ordered that all Arkansas Department of Corrections records, files, commitments, etc. reflect that Kasib Bilal is also known as Tyrone Strickland." Id. (emphasis omitted). After Bilal obtained this order, he was informed by the director of the department of corrections that "department policy did not permit inmates to change their names while incarcerated." Id. Bilal then sued the prison officials under 42 U.S.C. § 1983, arguing that the defendants "denied him the use of his Muslim name in violation of his rights under the First and Eighth Amendments to the United States Constitution." Id. The case proceeded to a jury trial, but the jury found in favor of the prison officials. See id.

Here, as in Bilal, the defendant argues that he legally changed his name before his conviction and that the prison should be required to use his "legal name." Also, the Judgment entered in this case, like the commitment orders in Bilal, refers to the defendant using more than one name–including the defendant's preferred name (or a close variant thereof). Despite these similarities, I do not say whether Mr. Zappa should file a civil suit to attempt to obtain the relief he

seeks, nor do I say whether such a suit is likely to have any merit.[1]  It is clear, however, that he cannot obtain the relief he desires by filing motions in this criminal case.[2]

**IT IS ORDERED** that the defendant's filing titled "60B Motion Newly Discovered Evidence," ECF No. 282, is denied.

Dated September 28, 2011.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

[1] Unlike Bilal, Mr. Zappa does not appear to have a religion-based reason for requesting a name change.  Thus, he would not appear to have a viable § 1983 claim based on the Free Exercise Clause of the First Amendment.

The court notes in passing that in yet another similar case, the Third Circuit rejected a civil suit filed by an inmate (Ali) who legally changed his name seven years before his conviction.  See Ali v. Stickman, 206 F. App'x 184 (3d Cir. 2006).  The prison required Ali to use his former name (under which he had been prosecuted and committed), and Ali was disciplined for using his legal name in violation of this rule.  Ali filed a suit alleging that this discipline amounted to retaliation in violation of his First Amendment rights, but the district court granted summary judgment against him.  The Third Circuit affirmed, explaining that because Ali did not change his name for religious reasons, but instead "merely sought to use a name different from the name under which he was committed," "[h]is preference [was] not protected by the First Amendment."  Id. at 186.

[2] As noted above, Bilal was able to obtain an order from the Pulaski County Circuit Court stating that the Arkansas Department of Corrections' records must reflect that Bilal is also known as Tyrone Strickland.  See 993 F.3d at 644.  I am not persuaded that this court has jurisdiction to enter a similar order within the context of this criminal case.  Also, for the reasons explained previously, I see no reason to amend the Judgment in this case: Rule 60(b) is inapplicable, and the Judgment already includes the names Anthony Steven Wright and Tony Zappa.